UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| ELINA EASTWOOD, | ) | |
|---|---|---|
| *Plaintiff*, | ) | |
| v. | ) | Case No. 2:06-cv-164 |
| UNITED STATES OF AMERICA and THE INTERNAL REVENUE SERVICE, | ) | Judge Mattice |
| *Defendants.* | ) | |

## **MEMORANDUM AND ORDER**

Plaintiff Ms. Elina Eastwood brings this action for wrongful levy against Defendants. Defendants respond in part by asserting a counterclaim and third party complaint against Mr. Edward Eastwood and Ms. Eastwood for fraudulent conveyance under state law. Before the Court are Mr. and Ms. Eastwood's motions to dismiss (Court Doc. Nos. 141 and 145) and Ms. Eastwood's motions for summary judgment (Court Doc. Nos. 29 and 142).

Defendants object to Mr. and Ms. Eastwood's motions to dismiss based on the fact that they were not filed as the parties' first responsive pleadings. The Court will first address this threshold issue.

While most defenses enumerated in Federal Rule of Civil Procedure 12(b) must be pled in the first responsive pleading or motion, "Rule 12(h)(2) provides that the Rule 12(b)(6) defense of failure to state a claim upon which relief may be granted can be raised after an answer has been filed by motion for judgment on the pleadings pursuant to Rule 12(c)." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11 (6th Cir. 1987). As they are proceeding *pro se*, the Court will construe Mr. and Ms. Eastwood's motions to

dismiss as made pursuant to Rule 12(c), and they are therefore timely. *See Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006) (remarking that *pro se* pleadings are held to a less stringent standard and are to be liberally construed in favor of the *pro se* litigant).

When, as here, one or both parties present matters outside the pleadings in conjunction with a Rule 12(b)(6) motion, the Court may, at its discretion, either consider these matters and convert the motion to one for summary judgment or exclude the extra-pleading materials and apply the standard set forth in Rule 12(b)(6). *See* Fed. R. Civ. P. 12(b); *Shelby County Health Care Corp. v. S. Council of Indus. Workers Health & Welfare Trust Fund*, 203 F.3d 926, 931 (6th Cir. 2000); *Aamot v. Kassel*, 1 F.3d 441, 443 (6th Cir. 1993); *see also Batt v. United States*, 976 F. Supp. 1095, 1096-97 (N.D. Ohio 1997) ("The decision to exclude material outside the pleadings is entirely within the discretion of the trial court.").

Because Ms. Eastwood has moved for summary judgment independently of her motion to dismiss, and Mr. and Ms. Eastwood's motions to dismiss present grounds which do not require the Court to consider matters outside the pleadings, the Court declines to convert their motions to dismiss into additional motions for summary judgment. To the extent that Mr. and Ms. Eastwood offer matters outside the pleadings in support of their motions to dismiss, the Court **EXCLUDES** this material pursuant to Rule 12(b). The Court will, however, consider these extra-pleading materials in conjunction with Ms. Eastwood's motions for summary judgment.

I.  **APPLICABLE STANDARDS**

   A.  **Federal Rule of Civil Procedure 12(c)**

The standard of review applicable to a motion for "judgment on the pleadings" pursuant to Federal Rule of Civil Procedure 12(c) is the same as the standard of review applicable under Rule 12(b)(6). *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998).

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint that fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is to permit a defendant to test whether, as a matter of law, the plaintiff is entitled to relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). To survive a motion to dismiss under 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face."[1] *Bell Atlantic v. Twombly*, 127 S.Ct. 1955, 1974 (2007). The complaint must contain either "direct or inferential allegations respecting all the material elements to sustain a recovery . . . ." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (internal quotations and citations omitted). The Court must determine not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support his claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). In making this determination, the Court must construe the complaint in the light

---

[1] In *Bell Atlantic v. Twombly*, 127 S.Ct. 1955, 1974 (2007), the Supreme Court of the United States altered the long-standing "no set of facts" standard for surviving a 12(b)(6) motion derived from *Conley v. Gibson*, 355 U.S. 41 (1957). The United States Court of Appeals for the Sixth Circuit has noted "[s]ignificant 'uncertainty as to the intended scope of the Court's decision [in Twombly ]' persists, however, particularly regarding its reach beyond the antitrust context." *Weisbarth v. Geauga Park District et al.*, --- F.3d ---, 2007 WL 2403659, at *3 (August 24, 2007) (quoting *Iqbal v. Hasty*, 490 F.3d 143, 2007 WL 1717803, at *11 (2d Cir. June 14, 2007) (applying the plausibility standard in the context of a motion to dismiss § 1983 claims based on qualified immunity). The Sixth Circuit has not yet issued an opinion that addresses the implications of *Twombly* on a standard dismissal case such as this. However, the disposition of this case does not depend on the nuances of *Twombly*.

most favorable to plaintiff and accept as true all well-pleaded factual allegations. *Arrow*, 358 F.3d at 393; *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999). The Court need not accept as true mere legal conclusions or unwarranted factual inferences. *Id.*

### B. Federal Rule of Civil Procedure 56

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the Court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). The Court cannot weigh the evidence, judge the credibility of witnesses, or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material facts exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may meet this burden either by producing evidence that demonstrates the absence of a genuine issue of material fact or by simply " 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. To refute such a showing, the nonmoving party may not simply rest on its pleadings. *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996); *see Anderson*, 477 U.S. at 249. The nonmoving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material factual

dispute.  *Celotex*, 477 U.S. at 322.  A mere scintilla of evidence is not enough. *Anderson*, 477 U.S. at 252; *McLean v. Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). The Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the nonmoving party.  *Anderson*, 477 U.S. at 248-49; *Nat'l Satellite Sports*, 253 F.3d at 907.  If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment.  *Celotex*, 477 U.S. at 323.  If the Court concludes that a fair-minded jury could not return a verdict in favor of the nonmoving party based on the evidence presented, it may enter a summary judgment.  *Anderson*, 477 U.S. at 251-52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

## II. FACTS

In consideration of their marriage, which has since ended in divorce, Mr. Eastwood gave to Ms. Eastwood a cash payment of $65,000. (Court Doc. No. 164-2 Elina Eastwood Dep. 20:10-15.) Ms. Eastwood used this money in part to purchase two parcels of real property. (Court Doc. No. 164-3, Elina Eastwood Dep. 132:24-133-15, 155:3-13) Ms. Eastwood holds warranty deeds to these parcels. (Court Doc. No. 1-7 and 1-8, Warranty Deeds.)

Defendants levied on Ms. Eastwood's parcels to recover for federal income tax owed by Mr. Eastwood. (*See* Court Doc. Nos. 1-4 and 1-5, Notices of Seizure.) In response, Ms. Eastwood filed the instant action for wrongful levy against Defendants. (*See* Court Doc. No. 1, Compl.) Defendants assert that in purchasing the two parcels,

Ms. Eastwood is acting as a nominee of Mr. Eastwood. (*See* Court Doc. No. 116, Amended Answer and Amended Complaint for Wrongful Levies.)

## III. ANALYSIS

### A. Mr. and Ms. Eastwood's Motions to Dismiss

As explained above, the Court will exclude the evidentiary materials filed in conjunction with the Eastwood's motions to dismiss, and will interpret these motions as made under Rule 12(c).

Mr. Eastwood's Motion to Dismiss plainly asserts that Defendants' claim for fraudulent conveyance lacks sufficient detail, and therefore fails as pled. (*See* Court Doc. No. 145, Edward Eastwood's Mot. to Dismiss. Third Party Compl. ¶ 1.) While less clear, Ms. Eastwood's Motion to Dismiss asserts the same argument. She argues that "Defendants have failed to specifically identify the alleged 'funds' which were allegedly fraudulently conveyed, thus Defendants lack standing to maintain this action." (Court Doc. No. 141-2, Elina Eastwood's Mem. Supp. Mot. to Dismiss. ¶ 1.2(b).) While Ms. Eastwood's legal conclusion—that standing is at issue—is not supported by her motion, she does take issue with the level of specificity of Defendant's counterclaim. Given the liberal standards to which *pro se* pleadings are held, *see Fazzini*, 473 F.3d at 231, both motions can be fairly read to move for dismissal because Defendants' fraudulent conveyance claim is inadequately pled.

Defendants counter by arguing that their claim of fraudulent conveyance comports with the notice pleading requirements of Federal Rule of Civil Procedure 8(a). This may be so, but it is Federal Rule of Civil Procedure 9 that is applicable to Defendants' counterclaim and third party complaint. Rule 9(b) requires that the

circumstance surrounding all causes of action sounding in fraud be stated with particularity. Fed. R. Civ. P. 9(b); *In re Gen. Motors ERISA Litigation*, No. 05-71085, 2006 WL 897444, at *16 (E.D. Mich. April 6, 2006). To comply with this requirement, a plaintiff, at a minimum, must

> allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud. Essentially, the amended complaint should provide fair notice to Defendants and enable them to prepare an informed pleading responsive to the specific allegations of fraud.

*United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 643 (6th Cir. 2003) (internal quotation marks and citations omitted). In other words, " 'Rule 9(b) requires that the plaintiff specify the who, what, when, where, and how' of the alleged fraud.' " *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006) (quoting *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997) (internal quotations omitted)).

Defendants' claim of fraudulent conveyance, presumably made under Tennessee law, *see* Tenn. Code Ann. § 66-3-101, falls short of the specific pleading requirements of Rule 9. Defendants' counterclaim and third party complaint fail to allege the time, place, and amount of the conveyance, or the injury the Defendants suffered. Without any specific information regarding the transfer, Mr. and Ms. Eastwood cannot adequately defend against Defendants' allegations. Further, Defendants had ample time to amend their counterclaim and third-party complaint, but did not do so. Accordingly, the Court will **GRANT** Mr. Eastwood's Motion to Dismiss Third Party Complaint (Court Doc. No. 145) and Ms. Eastwood's Motion to Dismiss Defendants' Counterclaim (Court Doc. No. 141).

## B. Ms. Eastwood's Motions for Summary Judgment

Ms. Eastwood has filed two motions for summary judgment which are largely duplicative. She seeks summary judgment on her claim of wrongful levy under 28 U.S.C. § 7426(a).[2]

> In a wrongful levy action, the plaintiff must initially show that it has a legally cognizable interest in the property levied by the United States, and that the government levied on the property to collect someone else's taxes. If the plaintiff makes that initial showing, the burden shifts to the government to establish, by substantial evidence, a "nexus" or "connection" between the taxpayer and the property levied upon. The ultimate burden of proof remains on the plaintiff.

*PBV, Inc. v. Rossotti*, No. 98-3504, 1999 WL 220123, at *1 (6th Cir. Apr. 6, 1999) (citing *McGinness v. United States*, 90 F.3d 143, 145 (6th Cir. 1996)) (other citations omitted). Ms. Eastwood has shown a legal interest in the property levied, as the parcels at issue are titled in her name. Defendants argue that Ms. Eastwood acted as Mr. Eastwood's nominee in purchasing the property at issue and, therefore, a proper nexus exists between Mr. Eastwood and the property.

State law dictates whether Mr. Eastwood had an interest in the property in question. *See Spotts v. United States*, 429 F.3d 248, 251 (6th Cir. 2005). Federal law determines whether this interest is sufficient to justify a tax lien. *Drye v. United States,* 528 U.S. 49, 58 (1999) ("[One] look[s] to state law to determine what rights the taxpayer has in the property the Government seeks to reach, then to federal law to determine whether the taxpayer's state-delineated rights qualify as property or rights to property

---

[2] Ms. Eastwood also argues that she has been denied due process in Defendants' attachment proceedings. Specifically, she contends that she did not receive a hearing by the Internal Revenue Service Office of Appeals to which she was entitled by 26 U.S.C. § 6330(a)(3)(C), (b)(3). However, Ms. Eastwood, as the alleged nominee of Mr. Eastwood, is not entitled to notice and a hearing under § 6630, but is entitled to other process. 26 C.F.R. § 30.16330-1(a)(3)(Q-A2, A-A2). As Ms. Eastwood cites no other grounds for her due process argument, her Motions for Summary Judgment (Court Doc. Nos. 29 and 142) will be **DENIED** as to due process.

within the compass of federal tax lien legislation."). Under federal tax lien legislation, the United States may properly place a lien on "not only the property and rights to property owned by the delinquent taxpayer, but also property held by a third party if it is determined that the third party is holding the property as a nominee or alter ego of the delinquent taxpayer." *Spotts*, 429 F.3d at 251. Thus, if Defendants demonstrate that Ms. Eastwood is acting as a nominee of Mr. Eastwood under state law, they will have sufficient grounds to levy upon the property in question pursuant to federal tax law. *See id.*

In Tennessee, whether a person is a nominee of another is determined by statute. Given the Defendants' fraudulent conveyance defense, the Court concludes that the most applicable statute is the Tennessee Fraudulent Conveyance Act, which provides in pertinent part, that

> [a] transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation . . . [w]ith actual intent to hinder, delay, or defraud any creditor of the debtor . . . .

Tenn. Code Ann. § 66-3-305(a)(1). While the Tennessee General Assembly has codified certain objective factors that courts may use in determining whether a transfer was fraudulent under this section,[3] the ultimate question remains whether the transferor

---

[3] These factors are:

(1) The transfer or obligation was to an insider; (2) The debtor retained possession or control of the property transferred after the transfer; (3) The transfer or obligation was disclosed or concealed; (4) Before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit; (5) The transfer was of substantially all the debtor's assets; (6) The debtor absconded; (7) The debtor removed or concealed assets; (8) The value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred; (9) The debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred; (10) The transfer occurred shortly before or shortly after a substantial debt

subjectively intended to defraud the creditor. *See* Tenn. Code Ann. § 66-3-305(a)(1), (b).

Accordingly, and by moving for summary judgment, Ms. Eastwood necessarily asks the court to determine Mr. Eastwood's subjective intent in transferring the $65,000 payment to Ms. Eastwood. The United States Court of Appeals for the Sixth Circuit has cautioned that "[s]ummary judgment is seldom appropriate in cases where the parties' intentions or states of mind are crucial elements of the claim because of the likelihood of self-serving testimony and the necessity for the factfinder's credibility determinations." *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1437 (6th Cir. 1987).

While both parties have presented evidence germane to the objective factors that can be used to determine Mr. Eastwood's subjective intent,[4] much of this evidence can be described as self serving, or at least not independently verifiable at this stage of the litigation.[5] Accordingly, given the nature of the inquiry as to Mr. Eastwood's subjective intent, and the evidence available to the Court on the record before it at this time, the Court will **DENY** Ms. Eastwood's Motions for Summary Judgment (Court Doc. Nos. 29 and 142).

---

was incurred; and (11) The debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

Tenn. Code Ann. § 66-3-305(b).

[4] Interestingly, no party offers direct evidence—in the form of a declaration, for example—of Mr. Eastwood's subjective intent in transferring the money to Ms. Eastwood. Both parties restrict their arguments to the objective factors set forth above, which serve as circumstantial evidence of Mr. Eastwood's subjective intent.

[5] Importantly, the Court makes no determination as to the veracity or weight of either party's evidence at this time.

## IV.   CONCLUSION

For the reasons stated above, Mr. Eastwood's Motion to Dismiss Third Party Complaint [Court Doc. No. 145] and Ms. Eastwood's Motion to Dismiss Defendants' Counterclaim [Court Doc. No. 141] are **GRANTED**.  The Third Party Complaint and Counterclaim within Defendants' Amended Answer to Complaint and Amended Complaint for Wrongful Levies [Court Doc. No. 126] are **DISMISSED WITH PREJUDICE**.  Further, for the reasons stated above, Ms. Eastwood's Motions for Summary Judgment [Court Doc. Nos. 29 and 142] are **DENIED**.

SO ORDERED this 25th day of September, 2007.

*/s/ Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE