UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| ELINA EASTWOOD, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 2:06-cv-164 |
| UNITED STATES OF AMERICA and THE INTERNAL REVENUE SERVICE, | ) | Judge Mattice |
| Defendants. | ) | |

## ORDER

Before the Court is Defendants' Motion to Stay (Court Doc. 233). Incident to their Motion to Stay, Defendants move to file supporting memoranda under seal. (*See* Court Doc. 234.) The Court referred Plaintiff's objection to allowing Defendants to file their supporting documents under seal (Court Doc. 239) to United States Magistrate Judge Dennis H. Inman pursuant to 28 U.S.C. § 636(b)(1)(B). (*See* Order of January 3, 2008, Court Doc. 245.) Magistrate Judge Inman issued his Report and Recommendation ("R&R") (Court Doc. 247), to which Plaintiff filed a timely objection (*see* Court Doc. 248). Before the Court addresses Defendants' pending Motion to Stay, it will turn its attention to Magistrate Judge Inman's R&R and Plaintiff's objections thereto.

When timely objections are filed to an R&R, the Court must conduct a *de novo* review of those portions of the R&R to which an objection is made. 28 U.S.C. § 636(b)(1)(C). The Court may then accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. *Id*. Notably, Plaintiff's Objection to Magistrate Inman's R&R argues the merits of whether the Court should issue a stay. It does not address the subject of Magistrate Judge Inman's R&R; namely, whether

Defendants should be permitted to file under seal their reasons for seeking a stay. Accordingly, the Court will consider Plaintiff's objection to Magistrate Judge Inman's R&R (Court Doc. 248) when ruling on Defendants' Motion to Stay (Court Doc. 233.)  It will, however, treat Magistrate Judge Inman's R&R as effectively unopposed.

After reviewing the record, the Court agrees with Magistrate Judge Inman's R&R. The Court thus **ACCEPTS** and **ADOPTS** Magistrate Judge Inman's findings of fact, conclusions of law, and recommendations pursuant to § 636(b)(1) and Rule 72(b). Accordingly, the Court **ORDERS** that Defendants' Motion to Seal [Court Doc. 234] is **GRANTED**.

As to Defendants' Motion to Stay, the Court notes that almost two months have passed since Defendants filed the motion.  Accordingly, the Court **ORDERS** Defendants to file, under seal, a detailed accounting of the progress of the criminal investigation alluded to in their Motion to Stay no later than **February 29, 2008**.  Depending on the information conveyed in this filing, the Court may conduct an *in camera* examination of the investigative officers responsible for the above-mentioned criminal investigation. *See, e.g., Abell v. Potomac Ins. Co.*, 858 F.2d 1104, 1143 (5th Cir. 1988), *vacated on other grounds sub nom. Fryar v. Abell*, 492 U.S. 914 (1989) (upholding a district court's decision to seal record of *in camera* discussions with FBI agent about an ongoing investigation as to jury tampering in a case before the court).  Until the Court receives and reviews Defendants' submission, it **RESERVES RULING** on Defendants' Motion to Stay [Court Doc. 233].

SO ORDERED this 15th day of February, 2008.

                                              */s/ Harry S. Mattice, Jr.*
                                              HARRY S. MATTICE, JR.
                                          UNITED STATES DISTRICT JUDGE