UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | |
|---|---|
| ELINA EASTWOOD, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Case No. 2:06-cv-164 |
| ) | |
| UNITED STATES OF AMERICA and ) | Judge Mattice |
| THE INTERNAL REVENUE SERVICE, ) | |
| ) | |
| *Defendants*. ) | |

## **MEMORANDUM AND ORDER**

Before the Court is Defendants' Motion to Stay (Court Doc. 233). In support of their Motion to Stay, Defendants contend "that one or more of the critical witnesses in this civil action are now under criminal investigation relating to facts that are common to this civil case." (Defs' Mot Stay 1.) Defendants' memoranda in support and Plaintiff's memoranda in opposition to Defendants' motion are filed under seal. (*See* Court Doc. 235, Order of December 20, 2007; Court Doc. 250, Order of February 15, 2008.) Accordingly, the Court cannot fully disclose the factual basis for this Memorandum and Order. It can, however, provide direction to the parties with regard to the Court's concerns about indefinitely staying the instant case so as to permit them to address these concerns. Accordingly, and for the reasons set forth more fully below, the Court will **RESERVE RULING** on Defendants' Motion to Stay (Court Doc. 233).

**I.     STANDARD**

Generally, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants," *Landis v. N. Am. Co.*, 299 U.S. 248,

254-55 (1936). "[E]ntry of such an order ordinarily rests with the sound discretion of the District Court." *Ohio Envtl Council v. United States. Dist. Court, So. Dist. of Ohio, Ea. Div.*, 565 F.2d 393, 396 (6th Cir. 1977). The Court's discretion is not normally cabined by the pendency of related criminal proceedings. *See United States. v. United States. Currency*, 626 F.2d 11, 16 (6th Cir. 1980). "Civil and criminal actions may be brought either simultaneously or successively and there is no requirement that a civil proceeding be stayed pending the outcome of criminal proceedings." *S.E.C. v. Novaferon Labs, Inc.*, No., No. 91-3102, 1991 WL 158757, at *2 (6th Cir. Aug. 14, 1991) (citing *S.E.C. v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980)). "[A] court may decide in its discretion to stay civil proceedings, postpone civil discovery, or impose protective orders and conditions 'when the interests of justice seem[] to require such action, sometimes at the request of the prosecution, * * * sometimes at the request of the defense[.]' " *Dresser Indus., Inc.*, 628 F.2d at 1375 (quoting *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970)) (alterations in original). This standard "embodies 'a recognition of the power of the federal courts, after a balancing of interests in the particular case before them, to stay civil suits because of pending criminal charges.' " *United States. Currency*, 626 F.2d at 16 (quoting *Arthurs v. Stern*, 560 F.2d 477, 479 (1st Cir. 1977) and citing *Kordel*, 397 U.S. 1).

In exercising its discretion to stay a civil case to allow related criminal proceedings to go forward, a court must weigh the public and private interests that may be affected by its order. *See United States Currency*, 626 F.2d at 17-18 (addressing the concurrence of a criminal prosecution and a civil forfeiture proceeding, and affording weight to the criminal defendants' private interest in a prompt adjudication of the civil

forfeiture ). A civil litigant—and particularly a plaintiff—has a private interest in prompt adjudication of his or her action, unhindered by a stay. On the other hand, as important, if not more important, *see Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962), are the public interests at issue. "Denial of a stay [in the civil case] could impair a party's Fifth Amendment privilege against self-incrimination, extend criminal discovery beyond the limits set forth in Federal Rule of Criminal Procedure 16(b), expose the defense's theory to the prosecution in advance of trial, or otherwise prejudice the criminal case." *Trs. of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1138 (S.D.N.Y. 1995).

## II.     FACTS

The following relevant facts are not under seal. In November of 2007, approximately fifteen months following Plaintiff's initiation of the instant civil lawsuit, the Government executed a search warrant on a storage locker allegedly rented by Edward Eastwood in the name of Violetta Gromova, Plaintiff's minor daughter, and seized a portion of its contents. (Court Doc. 237, Pla.'s Opp'n. to Defs.' Mot. Stay ¶ VII.) Defendants represent that "one or more of the critical witnesses in this civil action are now under criminal investigation relating to facts that are common to this civil case." (Defs' Mot. Stay 1). United States Magistrate Judge Dennis H. Inman has found that "there is probable cause to believe that at least two, and possibly more, criminal offenses have been committed by individuals involved in this civil case." (Report and Recommendation of Jan. 7, 2008, Court Doc. 247.)

## III. ANALYSIS

In addressing Defendants' Motion to Stay, the Court must weigh the public interest in unhindered criminal justice with the public interest in ensuring a fair trial and the private interest in a speedy resolution of civil claims. Further, the Court must balance these competing interests in the context of the instant action for wrongful levy. What the parties must show by the evidence presented in a wrongful levy action has been summarized as follows.

> Property is wrongfully levied if it does not, in whole or in part, belong to the taxpayer against whom the levy originated. In a wrongful levy action, the plaintiff must initially show that it has a legally cognizable interest in the property levied by the United States, and that the government levied on the property to collect someone else's taxes. If the plaintiff makes that initial showing, the burden shifts to the government to establish, by substantial evidence, a "nexus" or "connection" between the taxpayer and the property levied upon. The ultimate burden of proof remains on the plaintiff.

*PBV, Inc. v. Rossotti*, No. 98-3504, 1999 WL 220123, at *1 (6th Cir. April 6, 1999) (internal citations and quotations omitted). To better delineate the competing interests presented in this case, the Court will evaluate them from each party's perspective.

### A. Plaintiff's Interests

Plaintiff has a private interest in speedy resolution of her civil action. The Court cannot discount or take lightly this interest. *See United States Currency*, 626 F.2d at 18 n.1 (emphasizing that staying the civil case will bring hardship on the plaintiff whose assets are seized). Further, this interest is heightened by the fact that Plaintiff currently suffers a cloud over the titles to her real property at the hand of Defendants, and that this case has been pending for almost one and one-half years.

Plaintiff also embodies the public interest in a fair and just criminal trial. The unsealed facts set forth above are sufficient to support a reasonable belief that Plaintiff could face the possibility of criminal prosecution. Conducting a civil case in which she could be compelled by the Court to testify may have serious implications as to her right against self incrimination under the Fifth Amendment, as well as any applicable marital privileges. Importantly, in this civil action, unlike in a criminal trial, Plaintiff may be compelled by the Government to take the witness stand to testify. And although Plaintiff may assert her Fifth Amendment privilege in the civil proceeding, the Court is permitted to infer that her refused testimony would have been detrimental to her civil case, and find facts against her accordingly. *Baxter v. Palmigiano*, 425 U.S. 308, 318-19 (1976). Thus, if Plaintiff's civil case were to go forward, she may be faced with the Hobson's choice between carrying her ultimate burden of proving wrongful levy, *see Rossotti*, 1999 WL 220123, at *1, and declining to provide self-incriminating evidence, sworn under oath, as she is permitted to do under the Fifth Amendment.

Moreover, other possible witnesses at the civil trial, such as Mr. Eastwood and Ms. Gromova, may be compelled to give testimony which incriminates Plaintiff. In this event, neither Plaintiff nor the witness will be able to assert a Fifth Amendment privilege. *Rogers v. United States*, 340 U.S. 367, 371 (1951) (holding that the Fifth Amendment privilege against *self*-incrimination is a personal privilege, and cannot be asserted by another party).

The Court acknowledges that with sufficient information and warning Plaintiff may waive her rights under the Fifth Amendment, *see Miranda v. Arizona*, 384 U.S. 436 (1966), and that insistence in proceeding with the civil action in spite of a pending

criminal prosecution may be deemed a sufficient waiver of these rights, *United States v. Certain Real Property 566 Hendrickson Blvd., Clawson, Oakland County, Mich.*, 986 F.2d 990, 996-97 (6th Cir. 1993) (holding that a civil plaintiff facing a concurrent criminal prosecution waived his Fifth Amendment Rights by failing to move for a stay of the civil case and by moving for summary judgment).  Given Plaintiff's *pro se* status, however, it is incumbent upon the Court to ensure that Plaintiff is fully informed and knowledgeable regarding the gravity of the risks in proceeding with her civil action under the present circumstances.

### B. Mr. Eastwood's and Ms. Gromova's Interests

The unsealed facts set forth above are also sufficient to support a reasonable belief that Mr. Eastwood and Ms. Gromova could face the possibility of criminal prosecution.  Therefore, they embody the same public Fifth Amendment interests outlined above.

### C. Defendants' Interests

Defendants have a private interest in effectively defending against Plaintiff's civil suit without compromising any criminal investigation.  At trial, Defendants will bear the intermediate burden to show a nexus between Plaintiff's property and the tax debt.  *See Rossotti*, 1999 WL 220123, at *1*.  It is undesirable to force Defendants to choose between carrying their burden in the civil trial and preserving the confidentiality and viability of any pending criminal investigation.

Defendants, as representatives of the Government, also embody a public interest in prompt and effective criminal prosecution.  *See Campbell*, 307 F.2d at 487.  Proceeding with Plaintiff's civil trial may extend putative criminal defendants' "criminal

discovery beyond the limits set forth in Federal Rule of Criminal Procedure 16(b) . . . or otherwise prejudice the criminal case." *Transworld Mech., Inc.*, 886 F. Supp. at 1138. *See Campbell*, 307 F.2d 487 ("A litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery and thereby obtain documents he would not otherwise be entitled to for use in his criminal suit.") While the Court notes that formal pretrial discovery in the instant case has concluded, these concerns apply equally to information which might be gained thought direct and cross examination of witnesses at a civil trial.

## IV. CONCLUSION

For the reasons set forth above, it becomes necessary to again **CONTINUE** the trial of the above-captioned case. The current trial date of March 12, 2008, is **CANCELLED**. The Court **ORDERS** the parties to appear for a hearing to address the issues discussed in this Memorandum and Order on **April 4, 2008**, at **1:00 p.m.** before the undersigned United States District Judge, U.S. Courthouse, 220 West Depot Street, Greeneville, Tennessee. Until that time, the Court **RESERVES RULING** on Defendants' Motion to Stay (Court Doc. 233).

The Court cautions Defendants that, for the reasons set forth herein, it cannot permit itself to be held hostage by the timeline of the Government's criminal investigation. Further, the Court cautions that it appreciates Plaintiff's private interest in a speedy resolution of the instant case, insofar as such a resolution remains possible given the length of time the case has already been pending. The Court is loath to stay indefinitely the instant action while a cloud remains over the titles to Plaintiff's real properties. Accordingly, Defendant Internal Revenue Service is **ORDERED** to have

present at the April 4 hearing a representative authorized to negotiate under the provisions of 26 U.S.C. § 6343 and 26 C.F.R. § 301.6343-1.

SO ORDERED this 6th day of March, 2008.

*/s/ Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE